**Electronically Filed
Intermediate Court of Appeals
29520
25-OCT-2012
09:37 AM**

NO. 29520

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PETER NEWAL MAHARAJ, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(Honolulu Division)
(HPD Traffic No. 1DTA-08-03393)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Foley and Leonard, JJ.)


Defendant-Appellant Peter Newal Maharaj (Maharaj) appeals from the Judgment entered on November 18, 2008, in the District Court of the First Circuit (District Court).[1] Maharaj was convicted of operating a vehicle under the influence of an intoxicant (OVUII). On appeal, Maharaj argues that: (1) he received ineffective assistance of counsel because his trial counsel failed to introduce Maharaj's medical records into evidence; (2) there was insufficient evidence to support Maharaj's conviction; and (3) the District Court erred in denying Maharaj's motion to suppress evidence.[2] We affirm.

---

[1] The Honorable William A. Cardwell presided.

[2] Maharaj's Opening Brief fails to comply with Hawai'i Rules of Appellant Procedure (HRAP) Rule 28 (2008) in several significant respects, including: (1) there is no completed subject index; (2) the statement of the case does not contain any record references; (3) a copy of the judgment is not
(continued...)

I.

Preliminarily, we note that there appears to have been a hearing on a motion to suppress evidence on September 29, 2008, and the testimony from that hearing appears to have been incorporated into the trial by agreement. In addition, the trial appears to have been commenced on September 29, 2008, and testimony given for the trial. The transcript for the September 29, 2008, hearing on the motion to suppress evidence and the beginning of trial was not made part of the record on appeal. Therefore, our review is limited to the documents in the record on appeal and the transcript of proceedings of November 18, 2008.

The appellant has the burden of providing the appellate court with a sufficient record on appeal to address the issues raised. Bettencourt v. Bettencourt, 80 Hawai'i 225, 230-231, 909 P.2d 553, 558-559 (1995).

> When an appellant desires to raise any point on appeal that requires the consideration of the oral proceedings before the court appealed from, the appellant bears the burden to show error by reference to matters in the record, and he or she has the responsibility of providing the relevant transcript.

State v. Hoang, 93 Hawai'i 333, 334, 3 P.3d 499, 500 (2000). Without the transcript of proceedings for September 29, 2008, the record is not sufficient for us to decide the issues relating to the sufficiency of evidence and the motion to suppress evidence. See id. at 336, 3 P.3d at 502 (concluding that "[w]ithout the relevant transcript, there is insufficient evidence to review the alleged error"). Accordingly, Maharaj has failed to demonstrate that he is entitled to relief on those issues.

---

[2/] (...continued) attached; (4) the points of error do not identify where in the record the alleged errors occurred and were objected to or brought to the attention of the District Court; (5) the argument regarding the sufficiency of evidence and the motion to suppress evidence does not cite to any authority; and (6) there is no showing of service of the brief on the attorney alleged to have provided ineffective assistance of counsel. Counsel for Maharaj is warned that future noncompliance with the HRAP may result in sanctions against counsel.

II.

The remaining issue of ineffective assistance of counsel is based upon trial counsel's failure to seek the admission of the medical records of Maharaj. On appeal, Maharaj contends that the medical records would have corroborated his testimony regarding his medical condition, including that he suffered from diabetes, had problems with his feet and back, and was feeling sick from vog and related asthma. Maharaj argues that his medical condition, in turn, provided an innocent explanation for the deficiencies in his performance on the field sobriety tests.

The defendant has the burden of establishing ineffective assistance of counsel, and must demonstrate: "1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and 2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." State v. Richie, 88 Hawai'i 19, 39, 960 P.2d 1227, 1247 (1998) (block quote format and citation omitted).

Maharaj testified as to his medical condition at trial. It appears from comments made by Maharaj's trial counsel that counsel had Maharaj's medical records, but made a conscious decision not to seek their admission in evidence. The record on appeal does not include the medical records that Maharaj contends should have been moved into evidence. Moreover, it would appear that expert testimony would be required to explain how Maharaj's medical condition affected his ability to perform the field sobriety tests.

"The decision whether to call witnesses in a criminal trial is normally a matter within the judgment of counsel and, accordingly, will rarely be second-guessed by judicial hindsight." State v. Onishi, 64 Haw. 62, 64, 636 P.2d 742, 744 (1981). In addition, "[i]neffective assistance of counsel claims based on the failure to obtain witnesses must be supported by affidavits or sworn statements describing the testimony of the

proffered witnesses." <u>Richie</u>, 88 Hawai'i at 39, 960 P.2d at 1247. There are no such affidavits or sworn statements in this case. We conclude that based on the existing record, Maharaj has failed to satisfy his burden of establishing his claim of ineffective assistance of trial counsel.

III.

For the foregoing reasons, we affirm the Judgment of the District Court.

DATED: Honolulu, Hawai'i, October 25, 2012.

On the briefs:

Leslie C. Maharaj, Esq.
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

4